IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**COREY TURNER**                                                                                          **PLAINTIFF**

v.                                          Civil No.: 5:11-cv-6039

**DAN O. TURNER, et al.**                                                                    **DEFENDANTS**

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Now before the Court is Plaintiff's Complaint. ECF No. 2. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

For the following reasons, it is the recommendation of the undersigned that the Complaint, ECF No. 2, be **DISMISSED** with prejudice for failure to pay the filing fee or properly apply to proceed *in forma pauperis* ("IFP"), failure to prosecute this action, and failure to obey an Order of the Court[1].

I.     BACKGROUND

Mr. Turner, Plaintiff herein, submitted his Complaint, ECF No. 2, and an Application to Proceed *in forma pauperis* ("IFP"). ECF No. 1. The Motion to Proceed *in forma pauperis* was not complete in that the appropriate prison official had not completed the inmate account portion of that document. Accordingly, the District Court Clerk was directed to send to Plaintiff a blank IFP application. ECF No. 7. Plaintiff was to complete this form and return it on or before December 15, 2011. *Id.* Plaintiff has not submitted a completed IFP application or paid the filing fee.

---

[1] Because there is not a proper IFP application before the Court, the undersigned will not address any issues regarding the frivolity of the Complaint, or if it fails to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915; although the undersigned has grave reservations as to whether the Complaint (Doc. 1) would withstand Section 1915 review.

## II.    APPLICABLE LAW

Dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure.  FED. R. CIV. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); *Garrison v. Int'l Paper Co.,* 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

## III.   DISCUSSION

Plaintiff was given time to respond to the Court regarding the filing of his Complaint, including the payment of a filing fee or applying for IFP status.  ECF No.  8.  Plaintiff has failed to file an appropriate application to proceed IFP and has not paid the filing fee.  There has been no returned mail or other indication that Plaintiff has not received the Order directing him to file a proper IFP application or pay the filing fee.  This case should be dismissed for failure to pay the filing fee or properly apply to proceed IFP, failure to prosecute this action, and failure to obey an Order of the Court.

## IV.     CONCLUSION

For the forgoing reasons I recommend the above-styled case be **DISMISSED** with prejudice.

**The Plaintiff has fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **20th day of December 2011.**

/s/     *J. Marschewski*
HON.  JAMES R.  MARSCHEWSKI
CHIEF U.S. MAGISTRATE JUDGE